Date signed July 22, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JAMES A. GORDON III | : | Case No. 08-10763PM |
| d/b/a CITIFIED INVESTMENTS, INC. | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GREAT NORTHERN TRADING CO., LLC: | | |
| Movant | : | |
| vs. | : | |
| | : | |
| SHANELL KATHLEEN HARLESTON | : | |
| THE HARLESTON LAW FIRM, LLC | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case comes before the court on a Motion for Sanctions filed by the creditor, Great Northern Trading Co., LLC ("Great Northern"), against Shanell Kathleen Harleston and The Harleston Law Firm, the Debtor's attorneys of record (sometimes referred to as "Counsel" or "Ms. Harleston"). Federal Rule of Bankruptcy Procedure 9011(b) provides:

**Rule 9011.  Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**

(b) REPRESENTATIONS TO THE COURT.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

      (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

      (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

      (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

      (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Upon a determination that Rule 9011(b) has been violated, the court may impose appropriate sanctions under Rule 9011(c) after notice and a reasonable opportunity for a hearing. Ordinarily, there is a 21-day "safe harbor" for counsel to withdraw the offending document, except there is no such safe harbor if the conduct alleged is, as here, the filing of a petition. FED. RULE OF BANKRUPTCY PROC. 9011(c)(1)(A).

      The court conducted a hearing on this Motion on July 15, 2008, and heard the argument of counsel for the Movant and the testimony of Shanell Kathleen Harleston. While the court finds the conduct of Ms. Harleston sanctionable, the court finds that the moving party has gone far overboard in its prosecution of this motion. The undisputed facts underlying this matter can be found in the Respondent's Pre-Trial Memorandum (D.E. #48), the Debtor's Motion for Reconsideration of the Order dismissing this case (D.E. #12), and the Motion for Sanctions filed by Great Northern (D.E. #26).

      The court will begin its discussion with the filing of a Complaint by Great Northern against the Debtor in the United States District Court for the District of Maryland on May 17, 2007. When no response was filed, the District Court entered judgment by default on August 15, 2007, in the amount of $229,322.29. On September 17, 2007, following entry of the judgment, Great Northern requested an oral examination. The case was referred to Magistrate Judge Charles B. Day on October 12, 2007, and on October 31, 2007, Magistrate Judge Day passed an Order setting an oral examination to be held in open court on January 8, 2008, at 10:00 a.m.

On January 4, 2008, the Debtor retained Ms. Harleston "to review and analyze his financial situation, which included but was not limited to a number of pending foreclosures, and a number of judgments," including the Great Northern judgment (D.E. #48, ¶ 1). At the time that Ms. Harleston took to represent the Debtor, she had a pre-existing scheduling conflict. Ms. Harleston thereupon contacted Jeffrey W. Harab, the attorney for Great Northern, asking him to consent to a continuance of the oral examination. She stated that he refused to do so. Mr. Harab stated that he would not file a written objection to the application. Ms. Harleston persuaded Magistrate Judge Day to continue the oral examination until January 29, 2008, at 2:00 p.m. Ms. Harleston then stated she was advised by her client that there was a foreclosure scheduled for January 18, 2008, and the purpose of the filing of this bankruptcy case was to avoid the impending foreclosure (D.E. #12). Counsel failed to comply with Local Bankruptcy Rule 2072-1 that provides:

> **Rule 2072-1.  Notice to Other Courts with Pending Actions**
>
> The debtor or other party filing a bankruptcy case must promptly send notice conforming to Local Bankruptcy Form A of the bankruptcy filing to the following persons:
>
>> (a) the clerk of any court where the debtor is a party to a pending civil action and all parties of record; and
>>
>> (b) any judge specially assigned to a pending civil action in which the debtor is a party.

Ms. Harleston failed to notify the attorney of record for Great Northern. Rule 2072-1 was created, because the court found that many attorneys did not have the courtesy to advise their opponents that a bankruptcy case had been filed, so that the non-debtor party often appeared in court with their witnesses only to find that the trial would not go forward. Likewise, a judge might have several days set aside for a trial, only to find that the debtor and debtor's lawyer were not there, learning later that the debtor had filed a bankruptcy petition triggering the automatic stay of 11 U.S.C. § 362(a). The rule was an effort by the court to fill the vacuum created by the lack of professionalism on the part of some attorneys. It does not supersede the effectiveness of 11 U.S.C. § 362(a).

The purpose of the filing of this bankruptcy case under Chapter 13 was merely to stop the foreclosure. In time, after further study based on information from her client, Ms. Harleston

would advise him as to the best course of action.  However, this bankruptcy filing was for an improper purpose.  Furthermore, the filing was frivolous.  Although Ms. Harleston was well aware that there were other creditors and other judgments, they were not scheduled.  As disclosed in a Summary of Schedules filed by Ms. Harleston in a subsequent case under Chapter 7 for the Debtor, there were outstanding secured claims of $2,187,836.92, more than twice the statutory limit for such debt in a case under Chapter 13 of the of the Bankruptcy Code.  11 U.S.C. § 109(e).  In any event, the court finds as a fact that the petition was filed for the purposes of delay and harassment and merely to hold Great Northern at bay while Ms. Harleston determined the next course of action for the Debtor.

This bankruptcy case was dismissed on January 24, 2008, on account of the Debtor's failure to file a Certificate of Credit Counseling.  The Certificate was omitted from the original filing because of Ms. Harleston's failure to upload it with the petition.  Following Ms. Harleston's second motion for reconsideration of the dismissal, the court entered an Order vacating the dismissal on January 29, 2008.  At no time did Ms. Harleston give Mr. Harab the courtesy of including him, either on the original mailing matrix or the motions filed by her.  The Schedules filed in this case, when compared to the Schedules filed in the subsequent case under Chapter 7, reflect that the original papers amounted to an absolute abandonment of duty that the papers were to the best of Counsel's knowledge, information and belief formed after an inquiry reasonable under the circumstances.  Counsel included in the Schedules the names only of Great Northern and the foreclosing creditor and none other.  Counsel blames this dereliction of duty on her associate, Denise F. Brown, whom she instructed to file a "bare bones" petition.  However, Ms. Harleston overlooks the fact that she, and not Ms. Brown signed the petition.  The rule is that "an attorney cannot avoid the imposition of sanctions by asserting that [s]he delegated a function as significant as the preparation and filing of a bankruptcy petition to a member of [her] office staff."  *In re Light*, 357 B.R. 23, 29 (BC N.D.N.Y. 2006).  Counsel's "obligation to competently represent [her] clients required [her] to review the documents with [her] clients before they became a part of the public record."  *Light, supra.*  Shifting the blame does not relieve Ms. Harleston from the responsibility of her actions.

While the conduct of Ms. Harleston was far below the standard that is expected of attorneys practicing in this court, the court notes that she has been less than four years at the Bar, being admitted to the Bar of the Court of Appeals of Maryland on December 14, 2004, and the Bar of the United States District Court for the District of Maryland on April 22, 2005.  Perhaps

in the future Ms. Harleston will come to appreciate the significance of the representations to the court found in Federal Rule of Civil Procedure 11, Bankruptcy Rule 9011, and Maryland Rule of Procedure 1-311(b).

An appropriate order will be entered.

cc:
Jeffrey W. Harab, Esq., 4600 North Park Avenue, #101, Chevy Chase, MD 20815
Shanell Kathleen Harleston, Esq.,The Harleston Law Firm, LLC 9405 Liberty Road, Suite A, Randallstown, MD 21133
Denise F. Brown, Esq., 9405 Liberty Road, Suite A, Randallstown, MD 21133
James A. Gordon III, 510 Ninth Street, Laurel, MD 20707
Timothy P. Branigan, Trustee, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**